UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NATALIE D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00079-TAB-JRS |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S PETITION FOR ATTORNEY FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This cause is before the Court on Plaintiff's petition for attorney fees under the Equal Access to Justice Act. [Filing No. 22.] Plaintiff argues that she is entitled to an award of attorney fees under EAJA of $10,322.78, payable directly to Plaintiff's attorney. The Commissioner contends that Plaintiff's petition should be reduced by 8 hours to a total award of $8,640.86. The Court overrules the Commissioner's objection and grants Plaintiff's petition. As a preliminary matter, the Court may not reduce the number of hours absent a "clear indication of why this is necessary." *See Mangual v. Berryhill*, No. 2:16-cv-417-TLS, 2018 WL 1616889, at *3 (N.D. Ind. Apr. 3, 2018) (citing *Ibarra-Montufar v. Colvin*, No. 12 CV 736, 2013 WL 6507865, at *4 (N.D. Ill. Dec. 12, 2013); *Smith v. Great Am. Restaurants, Inc.,* 969 F.2d 430, 439 (7th Cir. 1992) (requiring a "concise but clear explanation" by the court for any reduction)). The Court agrees with Plaintiff that the Commissioner has not made a persuasive argument as to why the Court should cut the number of charged attorney hours, and that the Commissioner's request to reduce 6 hours from the time spent on Plaintiff's brief is entirely arbitrary.

Moreover, the Commissioner argues that a reduction is warranted because Plaintiff's counsel is an experienced attorney and the substantive issues in this case are "routine." [Filing No. 24, at ECF p. 3.] In response, Plaintiff states that based on the routine nature of this case, "it is surprising that it was not voluntarily remanded earlier." [Filing No. 25, at ECF p. 2.] Given that the Commissioner agreed to remand this case only after Plaintiff filed a 35-page brief contending the Administrative Law Judge's opinion was flawed, the Court is not inclined to reduce Plaintiff's fee request because the Commissioner now contends that issues presented were routine. [Filing No. 24, at ECF p. 2.]

Finally, the Commissioner states that reduction is warranted because any EAJA fees that Plaintiff would receive come from the public fisc. [Filing No. 24, at ECF p. 2.]    However, Plaintiff has cited the Court to case law suggesting this argument is not well taken. *Stage o/b/o McCarty v. Colvin*, No. 2:13-cv-414-JVB-JEM, 2017 WL 1030833, at *4 (N.D. Ind. Mar. 17, 2017) ("The Commissioner's brief begs the Court not to saddle the taxpayer with the cost of unnecessary litigation. But it is this very kind of agency action which the EAJA is intended to curtail."); *Sullivan v. Hudson*, 490 U.S. 877, 883, 109 S. Ct. 2248, 104 L. Ed. 2d 941 (1989) (the purpose of the EAJA is to encourage private counsel to take on representation of disability clients).

In short, the Court has carefully reviewed Plaintiff's fee petition, including counsel's time entries, and finds no basis to reduce the fees requested. To the extent there is any basis for a reduction, the Court takes this into account by respectfully denying Plaintiff's request to increase the fee award an additional $672.77 (3.2 hours x $210.24) for preparation of Plaintiff's reply brief. [Filing No. 25, at ECF p.14.] Accordingly, the Court finds that Plaintiff is entitled to an award of attorney fees under EAJA of $10,322.78, payable directly to The de la Torre Law

Office LLC, Plaintiff's attorney of record pursuant assignment.  If the Commissioner discovers that Plaintiff owes an outstanding debt to the government, the Commissioner may file a statement with the Court, along with supporting evidence of the debt, for purposes of offset.

Date: 12/13/2021

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email